Lindley and DeJoseph, JJ.
(dissenting). We respectfully dissent. In our view, Supreme Court erred in granting plaintiff’s motion for partial summary judgment. Therefore, we would reverse.
While we agree with the majority that plaintiff had contact with defendant, the principal, in order to purchase workers’ compensation insurance and thus had a basis for its belief that defendant’s employee acted with the authority of defendant, we conclude that there is a triable issue of fact whether plaintiff’s reliance on defendant’s employee was reasonable and whether plaintiff failed to make a reasonable inquiry with defendant to verify the extent of the employee’s authority.
“[A] third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable” (Hallock v State of New York, 64 NY2d 224, 231 [1984]). The insurance proposal received by plaintiff from the employee had “PROFESSIONAL INSURANCE MANAGERS” (hereafter, PIM) on the top of its coverage page with the employee’s personal contact information at the bottom, which included his personal Microsoft email address — “LDavisjrmsn.com” — instead of his work email address, which was *1458 “LEDavisnsminc.com.” The policy of insurance received by plaintiff does not list defendant but, instead, in the box labeled “Producer’s Name & Mailing Address,” PIM is listed along with PIM’s address in Exton, Pennsylvania. The certificate of insurance lists the “Producer” as “Professional Insurance Managers, Ltd.” and both the address and phone number match those of PIM and not defendant. Moreover, plaintiff was told to send its premium payments to an account that, “unbeknownst to [plaintiff],” was controlled by PIM. Plaintiff never went beyond defendant’s employee to confirm that PIM was in fact a division of defendant. Subsequently, plaintiff received correspondence from the New York State Workers’ Compensation Board explaining that plaintiff did not have the proper insurance in effect. Plaintiff forwarded the letter to defendant’s employee and, in response, plaintiff received a forged letter from American International Group confirming that the policy was in effect. Based upon all of plaintiff’s dealings with defendant’s employee, including the “PIM” documents and the letter it received from the New York State Workers’ Compensation Board, we cannot conclude that plaintiff’s inquiry and/or acceptance of the employee’s explanation was reasonable as a matter of law (see Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co., 55 AD3d 1108, 1109-1111 [2008]; Arol Dev. Corp. v Whitman & Ransom, 215 AD2d 145, 146 [1995]).
Present— Scudder, P.J., Smith, Peradotto, Lindley and DeJoseph, JJ.